■ In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-A. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; NICOLE G. PRICE, Respondent. [54 NYS3d 333]—

Per Curiam. Respondent was admitted to practice by this Court in 1999 and lists a business address in Concord, New Hampshire with the Office of Court Administration. This Court suspended respondent from the practice of law in New York in 2014 due to conduct prejudicial to the administration of justice arising from her failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (113 AD3d 1020, 1048 [2014]; *see* Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent moves for her reinstatement (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises, by correspondence from its Chief Attorney, that it does not oppose the motion.

Respondent's application demonstrates that she has complied with the order of suspension and this Court's rules. Further, upon reading respondent's affidavit and the correspondence in response by petitioner's Chief Attorney, we are satisfied that respondent has the requisite character and fitness for the

practice of law, and that it would be in the public's interest to reinstate her to practice in New York (*see* Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, respondent's motion for reinstatement is granted, and she is reinstated to the practice of law in New York, effective immediately.

Peters, P.J., Garry, Clark, Mulvey and Aarons, JJ., concur. Ordered that the motion for reinstatement by respondent is granted; and it is further ordered that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.