Matter of Attorneys In Violation of Judiciary Law § 468-a (Nelson) (2017 NY Slip Op 06340)





Matter of Attorneys In Violation of Judiciary Law § 468-a (Nelson)


2017 NY Slip Op 06340


Decided on August 24, 2017


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 24, 2017


[*1]In the Matter of ATTORNEYS IN VIOLATION OF JUDICIARY LAW § 468-a. COMMITTEE ON PROFESSIONAL STANDARDS, Now Known as ATTORNEY GRIEVANCE COMMITTEE FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner; NEHRU R. NELSON, Respondent. (Attorney Registration No. 1688456)

Calendar Date: August 7, 2017

Before: Garry, J.P., Lynch, Clark, Aarons and Rumsey, JJ.


Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for petitioner.
Nehru R. Nelson, Cheltenham, Pennsylvania, respondent pro se.



Per Curiam
MEMORANDUM AND ORDER
Respondent was admitted to practice by this Court in 1980 and lists a business address in Cheltenham, Pennsylvania with the Office of Court Administration. This Court suspended respondent from the practice of law in New York in 2009 due to conduct prejudicial to the administration of justice arising from his failure to comply with the attorney registration requirements of Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1 (65 AD3d 1447, 1470 [2009]; see Judiciary Law § 468-a [5]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 8.4 [d]). Respondent moves for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]; Rules of App Div, 3d Dept [22 NYCRR] § 806.16 [a]), and petitioner advises, by correspondence from its Chief Attorney, that it does not oppose the motion.
Respondent's application demonstrates that he has complied with the order of suspension and the rules of this Court. Further, upon reading respondent's affidavit and the correspondence in response by petitioner's Chief Attorney, we are satisfied that respondent has the requisite character and fitness for the practice of law, and that it would be in the public's [*2]interest to reinstate him to practice in New York (see Matter of Attorneys in Violation of Judiciary Law § 468—a [Stanley], 151 AD3d 1380 [2017]; Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a]). Accordingly, respondent's motion for reinstatement is granted, and he is reinstated to the practice of law in New York, effective immediately.
Garry, J.P., Lynch, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law in the State of New York, effective immediately.